BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
Brian.Takahashi@bowmanandbrooke.com
Richard L. Stuhlbarg (SBN: 180631)
Richard.Stuhlbarg@bowmanandbrooke.com
Stephen J. Kelley (SBN: 163812)
Stephen.Kelley@bowmanandbrooke.com
Karyn L. Ihara (SBN: 298950)
Karyn.Ihara@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No:   310/ 768-3068
Fax No:   310/ 719-1019

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ABRAHAM FOROUZAN,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC; SONIC AUTOMOTIVE, doing business as "BEVERLY HILLS BMW", entity unknown, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.:  2:17-cv-03875 DMG (GJSx)<br><br>**(Removed from Los Angeles County Superior Court Case No. BC653189)**<br><br>**MOTION IN LIMINE NO. 2**<br><br>**DEFENDANT BMW OF NORTH AMERICA'S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE OF CONCERNS NOT PRESENTED OR ONLY PRESENTED ONCE; DECLARATION OF BRIAN TAKAHASHI** |

Trial:      June 26, 2018

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

Defendant BMW of North America, LLC ("BMW NA") will move this Court *in Limine* for an Order Excluding Any Evidence of Concerns not presented or have only been subject to one repair.  Such evidence is inadmissible under the Song-Berverly Act based on <u>Silvio v. Ford Motor Company</u> (2003) 109 Cal.App.4th 1205 and would mislead the jury, cause unfair prejudice to Defendant and would be an undue waste of time.

1    BMW NA moves the Court in limine to instruct Plaintiff and his counsel,
2    and to instruct counsel to advise all their witnesses:

3    1.    Not to refer to concerns not presented for repair

4    2.    To refer to concerns presented only once and,

5    2.    To warn or caution each and every one of the witnesses to strictly
6    follow the same instructions.

7    This motion is based upon the attached memorandum of points and
8    authorities, the Declaration of Brian Takahashi, the records and pleadings on file,
9    and upon such other further evidence as the Court may entertain.

10    BMW NA sought to meet and confer with Plaintiff on April 27, 2018 and
11    May 01, 2018, pursuant to Local Rule 7-3 regarding the substance of this Motion
12    *in Limine.*   Plaintiff failed to substantively respond, instead plaintiff's counsel
13    merely pointed out the Judge's policy related to Motions in Limine. Plaintiff's
14    counsel's response was absent any actual substance and failed to mention whether
15    Plaintiff was stipulating to this Motion.  If Plaintiff agree to stipulate, this motion
16    will be withdrawn.

17    DATED:  May 15, 2018                    BOWMAN AND BROOKE LLP

18

19                                           BY:    /s/ Richard L. Stuhlbarg
20                                                  Brian Takahashi
                                                    Richard L. Stuhlbarg
                                                    Stephen J. Kelley
21                                                  Karyn L. Ihara
                                                    Attorneys for Defendant
22                                                  BMW OF NORTH AMERICA, LLC

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff's Complaint alleges violations of the California Song-Beverly Warranty Act.  By this motion, BMW NA seeks to exclude any concern that was not presented to an authorized BMW facility for repair or any concerns repaired after one attempt. To recover under the Song Beverly Act, Plaintiff has the burden to show that the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair. Accordingly, concerns presented admittedly never presented at all cannot qualify for repurchase under Civil Code Section 1793.2(d)(2).  Allowing evidence and testimony at trial regarding these concerns will cause undue delay and prejudice defendants' right to a fair trial.

Any complaint, which has only been the subject of one single repair attempt cannot form the basis of a claim for relief under the Song-Beverly Act.  <u>Silvio v. Ford Motor Company</u>, 109 Cal.App.4th 1205 (2003).  That is because the language of the statute requires there to have been an unreasonable number of repair attempts (plural) as a prerequisite to relief. Cal. Civil Code §1793.2(d)(2).

Accordingly, evidence of conditions not presented or only presented once to BMW NA is not relevant and should be excluded under Federal Rule of Evidence 401.  Moreover, since the only purpose of such evidence would be to inflame and confuse the jury, it should be excluded under Federal Rule of Evidence 403 because it is highly prejudicial to BMW NA.

## II.    THE COURT SHOULD EXCLUDE EVIDENCE CONCERNING ALL ALLEGED CONCERNS ADMITTEDLY NEVER PRESENTED FOR REPAIR

Under <u>Oregel v. American Isuzu Motors</u>, 90 Cal.App.4th 1094, 1101 (2001) (citing Civil Code Section 1793.2 and <u>Ibrahim v. Ford Motor Co.</u>, 214 Cal.App.3d 878, 886-887) (1989). "A plaintiff pursuing an action under the Act has the burden to prove that (1) the vehicle had a nonconformity covered by the express warranty

that substantially impaired the use, value or safety of the vehicle (the nonconformity element); *(2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element)*; and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts." (emphasis added). Two years later, the court in Silvio v. Ford Motor Company, 109 Cal.App.4th 1205 (2003), confirmed that "[t]he statute does not require the manufacturer to make restitution or replace a vehicle if it had only one opportunity to repair that vehicle." (Id. at 1208).

The reasoning in Silvio and Oregel provides that any mention of concerns that plaintiff admittedly never presented for repair fall outside the scope of plaintiff's claims. Clearly, a manufacturer cannot be held responsible for concerns it was never made aware of.

Under Evidence Code section 352

> "The Court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Cal. Evid. Code, Section 352).

Balancing the prejudicial effect of evidence against its probative value rests within the sound discretion of the trial court. Hinson v. Clairmont Community Hosp. 218 Cal.App.3d 1110, 1123 (1990); Kessler v. Gray 77 Cal.App.3d 284, 291 (1978). Trial courts have broad discretion to exclude evidence on the grounds of relevancy. Fuentes v. Tucker 31 Cal.2d 1 (1947).

Concerns that Plaintiff admittedly never presented for repair, and thus defendants never had the opportunity to correct, can never qualify the vehicle for repurchase. Therefore, evidence of these concerns will only serve to waste time, mislead the jury, and have an unduly prejudicial effect against defendants. Accordingly, this Court should exclude all such evidence.

### III.   THE REPAIRS AT ISSUE

#### A.   Check Control Message – December 7, 2017

On December 7, 2017, BMW NA preformed a vehicle inspection of the subject vehicle. During that inspection Mike Rice, a former BMW NA Customer Support Engineer observed a check control message regarding the gear position. Plaintiff refused to allow BMW NA to diagnose the subject vehicle to ascertain why the "car wash mode" was not operating as expected.  Plaintiff never presented the vehicle for repair related to the check control message. At a minimum Oregel requires presentation. With no presentation, this concern should be excluded.

#### B.   Oil Leak - December 26, 2017

On December 26, 2017 at 20, 024, Plaintiff presented the vehicle to Beverly Hills BMW stating that the subject vehicle had an oil leak.  Beverly Hills BMW technicians found a leak from the oil pan gasket and replaced it.  This concern did not return after this visit.   (See Beverly Hills BMW Repair Order 471640, Takahashi Decl., Exh. A).

#### C.   DCS sensor- February 22, 2016

On February 22, 2016 at 8,644 miles, Plaintiff presented the vehicle to Beverly Hills BMW with a chassis stabilization warning display illuminated.  The vehicle had faults stored for DCS Sensor, the technician verified that it was neither the sensor signal nor the wiring. The technician then cleared the faults and test drove the vehicle to verify there was not a DCS Sensor fault.  There were no DCS sensor faults after this visit.   (See Beverly Hills BMW Repair Order 400297, Takahashi Decl., Exh. B).

#### D.   Tire Pressure monitor- February 22, 2016

On February 22, 2016 at 8,644 miles, Plaintiff presented the vehicle to Beverly Hills BMW with the tire pressure warning on.  The technician found that the right rear tire had a nail in it; the technician replaced the tire and rest the monitor.  The tire pressure monitor was working as intended, it notified Plaintiff

1    that there was low pressure and this concern did not present again after this visit.

2    (See Beverly Hills BMW Repair Order 400297, Takahashi Decl., Exh. B).

3    **IV.   LAW AND ARGUMENT**

4          The Song-Beverly Consumer Warranty Act provides that a manufacturer of

5    a good has a "reasonable number of attempts" to conform the good to the

6    applicable express warranty. Cal. Civil Code, Section 1793.2(d) (1), emphasis

7    added. Significantly, the California Court of Appeal recently interpreted the exact

8    statement found in 1793.2 subdivision (d) of the Song-Beverly Consumer

9    Warranty Act as it relates to the requirement of automobile manufacturers.

10         In Silvio v. Ford Motor Company, 109 Cal.App.4th 1205, 1208 (2003) the

11   Court of Appeal expressly held that Song-Beverly Act liability is only triggered

12   when more than one repair attempt is made for the same alleged non-conformity.

13   The Silvio Court found against the appellants because "they did not give Ford two

14   opportunities to fix any problem." Silvio, supra, at 1209. (Emphasis added). By

15   the use of the phrase "any problem," the Court of Appeal made it clear to look at

16   specific defects individually, and not in the aggregate for liability. Silvio was a

17   lemon law case where the plaintiff had allowed only one repair attempt prior to

18   making a repurchase demand. After the repurchase demand was denied, plaintiff

19   filed suit. Defendant Ford moved for nonsuit on the ground that the phrase,

20   "reasonable number of attempts," being in the plural, required that the

21   manufacturer be given at least two opportunities to repair the vehicle. The Court

22   of Appeal agreed and affirmed the non-suit. The Court stated:

23         The statute requires the manufacturer be afforded the specified
           remedies of restitution or replacement if that manufacturer is unable to
24         repair the vehicle "after a reasonable number of *attempts*." "Attempts"
           is plural. The statute does not require the manufacturer to make
25         restitution or replace a vehicle if it has only one opportunity to repair
           that vehicle.
26

27         Id. at 1208 (emphasis in original).

28         In Mega RV Corporation v. HWH Corporation, 225 Cal.App.4th 1318, 1333

1   (2014), the court that "[t]he Act 'was enacted to address difficulties faced by
2   consumers in enforcing express warranties. Consumers frequently were frustrated
3   by the inconvenience of having to return goods to the manufacturer for repairs and
4   by repeated unsuccessful attempts to remedy **the problem** . ... ' ... " (Emphasis
5   added.) This language further indicates that the Act was enacted because of
6   repeated attempts to remedy-a-repeating problem.

7        In Duale v. Mercedes-Benz USA, LLC, 148 Cal.App.4th 718, 721 fn. 1
8   (2007), citing Murillo v. Fleetwood Enterprises. Inc.,17 Cal.4th 985, 989-990
9   (1998), the court wrote:

10       The Song-Beverly Act" 'regulates warranty terms, imposes service
11       and repair obligations on manufacturers, distributors, and retailers
         who make express warranties, requires disclose of specified
12       information in express warranties, and broadens a buyer's remedies to
         include costs, attorney's fees, and civil penalties'" and" 'gives recourse
13       to the buyer of a new automobile that suffers from the **same defect**
         **repeatedly**, or is out of service for cumulative repairs for an extended
14       period.'"

15  (Internal citations and brackets omitted.  Emphasis added.)

16       Set forth in Section 1793.22, the Tanner Consumer Protection Act are
17  certain presumptions that may be relied upon by the buyer in connection with an
18  express warranty claim.  Included there is an aggregate test if the vehicle is out of
19  service for a cumulative total of more than 30 calendar days.  The Legislature
20  would not have needed to add this provision in 1992 if the Song-Beverly Act
21  provided an aggregate test.  Further, if only two repair attempts were required for
22  the vehicle in the aggregate, the presumption would be superfluous.

23       Only concerns that have been presented more than once are admissible.
24  Silvio, Mega RV, Duale, and Murillo show that at least two repair attempts must be
25  made for an individual concern.  If the vehicle is fixed right the first time, there can
26  be no breach of the express warranty.  They expressly reject a "buckshot"
27  approach.  BMW NA contends that every warranty concern was repaired within a
28  reasonable number of attempts.  Plaintiff disagrees and filed this lawsuit.

## V.    <u>CONCLUSION</u>

"Attempts" is plural and means at least two.  BMW NA requests an order excluding concerns never presented or presented only once. This will prevent the jury from being misled, unfair prejudice to BMW NA, and an undue waste of time.

DATED:  May 15, 2018                                        BOWMAN AND BROOKE LLP


                                                     BY:    /s/ Richard L. Stuhlbarg
                                                            Brian Takahashi
                                                            Richard L. Stuhlbarg
                                                            Stephen J. Kelley
                                                            Karyn L. Ihara
                                                            Attorneys for Defendant
                                                            BMW OF NORTH AMERICA, LLC

## DECLARATION OF BRIAN TAKAHASHI

I, Brian Takahashi, declare that:

1.     I am an attorney at law, duly licensed to practice before all the courts of the State of California.  I am a partner at the law offices of Bowman and Brooke LLP, counsel of record for BMW OF NORTH AMERICA, LLC ("BMW NA"). The facts set forth in this Declaration are made of my own personal knowledge, and, if called upon to testify, I could and would competently testify thereto.

2.     BMW NA sought to meet and confer with Plaintiff on April 27, 2018 and May 01, 2018, pursuant to Local Rule 7-3 regarding the substance of this Motion *in Limine*.  Plaintiff failed to substantively respond, instead Plaintiff's counsel merely pointed out the Judge's policy related to Motions in Limine. Plaintiff's counsel's response was absent any actual substance and failed to mention whether Plaintiff was stipulating to this Motion.  If Plaintiff agree to stipulate, this motion will be withdrawn.

3.     Attached hereto as Exhibit A is Beverly Hills BMW Repair Order 471640 dated December 26, 2017.

4.     Attached hereto as Exhibit B is Beverly Hills BMW Repair Order 400297 dated February 22, 2016.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of May 2018, at Torrance, California.

*/s/ Brian Takahashi*
**Brian Takahashi**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2018, I filed the foregoing document entitled **DEFENDANT BMW OF NORTH AMERICA'S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE OF CONCERNS PRESENTED ONLY ONCE; DECLARATION OF BRIAN TAKAHASHI** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/Richard L. Stuhlbarg
Richard L. Stuhlbarg