# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM FOROUZAN,<br><br>            Plaintiff,<br><br>   vs.<br><br>BMW OF NORTH AMERICA, LLC, et al.,<br><br>            Defendants. | **Case No.: CV 17-3875-DMG (GJSx)**<br><br>**FINAL PRETRIAL CONFERENCE ORDER [55]** |

Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and L.R. 16, IT IS ORDERED AS FOLLOWS:

**1. The Parties**

The parties are: Plaintiff Abraham Forouzan and Defendant BMW of North America, LLC.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiff's Complaint and Defendant's Answer thereto.

**2. Federal Jurisdiction and Venue**

Federal jurisdiction and venue are invoked upon the following grounds: Federal jurisdiction is based upon diversity as defined by 28 U.S.C. § 1332. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(a) and (b). The facts necessary to confer federal jurisdiction and venue are admitted.

**3. Trial Estimate**

The trial shall conclude within three court days. Each side will have up to four hours for their respective case-in-chief, including cross-examination, but excluding voir dire, opening statements, and closing arguments.

**4. Jury Trial**

The trial will be by jury.

**5. Stipulated Facts**

The following facts are admitted and require no proof:

1) On October 19, 2015, Plaintiff leased a used 2015 BMW Z4, VIN No. WBALM7C54FJ799194 (hereafter the "Vehicle" or "Subject Vehicle") from Century West Luxury Sales.

2) The Subject Vehicle was distributed by BMW of North America, LLC

1

**FINAL PRETRIAL CONFERENCE ORDER**

("BMW NA").

3) In connection with the lease, Plaintiff received an express written warranty from Defendant.

4) The terms of the express warranty are contained in the warranty booklet.

5) Beverly Hills BMW was authorized to perform warranty repairs under Defendant's written warranty.

6) The Vehicle was presented to Beverly Hills BMW for repairs.

7) Prior to filing this suit Plaintiff requested BMW NA repurchase the Vehicle.

8) Prior to the commencement of this suit, BMW NA did not repurchase the Vehicle.

**6.   Stipulated Facts (Subject to Evidentiary Objections)**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

1) None

**7.   Claims and Defenses to be Presented at Trial**

**Plaintiff:**

A.   Plaintiff plans to pursue the following claims against the following defendants:

1.   **Claim 1:**   Plaintiff claims that BMW failed to promptly offer to repurchase or replace the Vehicle after it failed to repair his Vehicle within a reasonable number of attempts as required under Civil Code sections 1793.2(d) and 1793.1(a)(2).

2.   **Claim 2:**   Plaintiff claims that BMW failed to commence repairs within a reasonable time and failed to complete the repairs within 30 days in violation of Civil Code section 1793.2(b).

3.   **Claim 3:**   Plaintiff claims that BMW failed to make available to its authorized service and repair facilities sufficient service literature and

replacement parts to effect repairs during the express warranty period in violation of Civil Code section 1793.2(a)(3).

4. **Claim 4:** Plaintiff claims that each time BMW failed to repair his Vehicle, BMW breached its obligation to repair under the express warranty under Civil Code sections 1791.2(a) and 1794.

5. **Claim 5:** Plaintiff claims that BMW breached the implied warranty of merchantability because during the warranty period the Subject Vehicle was unfit for its ordinary purpose under Civil Code sections 1791.1(a) and 1794.

6. **Claim 6:** Plaintiff claims BMW is subject to civil penalties pursuant to Civil Code section 1794(c).

B. The elements required to establish Plaintiff's claims are:

1. **Claim 1: BMW Failed to Promptly Offer to Repurchase or Replace the Vehicle After It Failed to Repair His Vehicle Within a Reasonable Number of Attempts as Required Under Civil Code Sections 1793.2(d) and 1793.1(a)(2)**

   a. **Elements**

   (1) Plaintiff leased the Subject Vehicle distributed by Defendant;

   (2) Defendant gave Plaintiff a written express warranty for the Subject Vehicle;

   (3) The Subject Vehicle had defects covered by warranty and that substantially impaired its use, value, or safety to a reasonable person in Plaintiff's situation;

   (4) Plaintiff delivered the vehicle to Defendant or its authorized repair facility for repair of the defects;

   (5) Defendant or its authorized representative failed to repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities to do so;

3

**FINAL PRETRIAL CONFERENCE ORDER**

(6)   Defendant did not promptly replace the Vehicle or buy back the Vehicle.

*See* Cal. Civ. Code §§ 1793.1(a)(2), 1793.2(d), and 1794(a); *see also* Judicial Council of California Civil Jury Instructions (CACI) 3201 (2018).

### b.  The Key Evidence Plaintiff Relies Upon

The lease agreement, warranty booklet and Plaintiff's testimony will show Plaintiff leased the Subject Vehicle and received an express warranty from Defendant.

The repair orders for the Subject Vehicle, testimony of Daniel Forouzan, and testimony of Dan Calef will show:  (1) the Vehicle had a defect that substantially impaired the use, value, or safety of the Vehicle during the warranty period; (2) Plaintiff delivered the Vehicle to Defendant's authorized repair facility; and (3) Defendant failed to conform the Vehicle to warranty after a reasonable number of opportunities to do so.

The testimony of Daniel Forouzan, testimony of Jose Conde, and Defendant's Service Request Detail Exhibits will show that Defendant failed to repurchase the Vehicle and that Defendant's failure was willful.

### 2.  Claim 2:  BMW Failed to Commence Repairs Within a Reasonable Time and Failed to Complete the Repairs Within 30 Days in Violation of Civil Code Section 1793.2(b)

#### a.  Elements

(1)   Plaintiff leased the Subject Vehicle distributed by Defendant;

(2)   Defendant gave Plaintiff a written express warranty for the Subject Vehicle;

(3)   The Subject Vehicle had a defect that was covered by the warranty; and

(4) Defendant and/or its authorized repair facility either (1) failed to begin repairs within a reasonable time, and/or (2) complete repairs within 30 days so as to conform to the applicable warranties.

See Cal. Civ. Code §§ 1794(a), 1793.2(b); *see also* CACI 3205.

### b. The Key Evidence Plaintiff Relies Upon

The lease agreement, warranty booklet, and Plaintiff's testimony will show Plaintiff leased the Subject Vehicle and received an express warranty from Defendant.

The repair orders for the Subject Vehicle and testimony of Daniel Forouzan will show Beverly Hills BMW did not service or repair the Vehicle so as to conform to the applicable warranties within 30 cumulative days.

### 3. Claim 3: BMW Failed to Make Available to Its Authorized Service and Repair Facilities Sufficient Service Literature and Replacement Parts to Effect Repairs During the Express Warranty Period in Violation of Civil Code Section 1793.2(a)(3)

### a. Elements

(1) Plaintiff leased the Subject Vehicle distributed by Defendant;

(2) Defendant gave Plaintiff a written express warranty for the Subject Vehicle;

(3) The Subject Vehicle had a defect that was covered by the warranty;

(4) Defendant did not make available to authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period; and

(5) Defendant and/or its authorized repair facility did not conform the Vehicle to applicable warranties.

See Cal. Civ. Code §§ 1793.2(a)(3) and (d), 1794(a).

### b. The Key Evidence Plaintiff Relies Upon

The repair orders for the Subject Vehicle, testimony from Daniel Forouzan, Jose Conde, and Mike Rice will show BMW did not provide service literature and/or replacement parts to conform the Vehicle to warranty.

### 4. Claim 4: BMW Breached Its Obligation to Repair Under the Express Warranty Under Civil Code Sections 1791.2(a) and 1794

#### a. Elements of the Song-Beverly Warranty Act

(1) Plaintiff purchased the Vehicle at retail in California.

(2) Plaintiff purchased or used the Vehicle primarily for personal, family, or household purposes.

(3) Defendant provided an express warranty on the Vehicle.

(4) Defendant failed to comply with any obligation imposed under the express warranty on at least one occasion.

(5) Plaintiff was damaged.

*See* Cal. Civ. Code § 1794(a).

#### b. The Key Evidence Plaintiff Relies Upon

The lease agreement, warranty booklet, and Plaintiff's testimony will show Plaintiff leased the Subject Vehicle and received an express warranty from Defendant.

The repair orders for the Subject Vehicle, testimony of Daniel Forouzan, and testimony of Dan Calef will show: (1) the Vehicle had a defect during the warranty period, and (2) Defendant failed to conform the Vehicle to warranty.

### 5. Claim 5: BMW Breached the Implied Warranty of Merchantability Because During the Warranty Period the Subject Vehicle Was Unfit For Its Ordinary Purpose Under Civil Code Sections 1791.1(a) and 1794

### a. Elements of the Song-Beverly Warranty Act

(1) Plaintiff leased the Subject Vehicle distributed by Defendant;

(2) At the time of lease, Defendant was in the business of distributing motor vehicles to retail buyers; and

(3) The Subject Vehicle (1) was not of the same quality as those generally acceptable in the trade, or (2) was not fit for the ordinary purposes for which such goods are used.

*See* Cal. Civ. Code §§ 1791.1, 1792, 1794(a); *see also* CACI 3210.

### b. The Key Evidence Plaintiff Relies Upon

The lease agreement, warranty booklet, and Plaintiff's testimony will show Plaintiff leased the Subject Vehicle and received an express warranty from Defendant.

The repair orders for the Subject Vehicle and testimony of Daniel Forouzan will show the Subject Vehicle was not of the same quality as those generally acceptable in the trade, or was not fit for the ordinary purposes for which such goods are used.

## 6. Claim 6: BMW is Subject to Civil Penalties Pursuant to Civil Code Section 1794(c)

### a. Elements Required to Establish Plaintiff's Claim for Civil Penalties Pursuant to Section 1794(c)

(1) Defendant failed to comply with its obligation under the Song-Beverly Consumer Warranty Act (e.g., Claims 1-4); and

(2) Defendant's failure was willful.

*See* Cal. Civ. Code § 1794(c); *see also* CACI 3244.

### b. The Key Evidence Plaintiff Relies Upon

Testimony of Daniel Forouzan, Testimony of Jose Conde, and Defendant's Service Request Detail Exhibits will show Defendant's failure to promptly repurchase the Subject Vehicle was willful.

**Defendant:**

C. Defendant plans to pursue the following counterclaims and affirmative defenses:

1. Affirmative Defense 1: Failure to State a Cause of Action
2. Affirmative Defense 2: Duration of Implied Warranty
3. Affirmative Defense 3: Subject Vehicle Fit for Its Intended Purpose
4. Affirmative Defense 4: No Timely Revocation of Acceptance
5. Affirmative Defense 5: Unreasonable or Unauthorized Use
8. Affirmative Defense 8: Good Faith Evaluation

D. The elements required to establish Defendant's counterclaims and affirmative defenses are:

1. Affirmative Defense 1: Failure to State a Cause of Action

For Plaintiff's breach of implied warranty cause of action, Defendant contends that it was not in the chain of distribution for the Subject Vehicle as a "used" vehicle. Furthermore, Civil Code Section 1791.1 only provides an implied warranty for new goods, not used goods, so it is inapplicable to this case.

For Plaintiff's breach of express warranty, failure to provide written materials, and failure to commence repairs within 30 days causes of action, the remedy is not rescission or restitution.

BMW NA's assertion is based on Plaintiff's failure to establish an essential element of his claims against BMW NA.

2. Affirmative Defense 2: Duration of Implied Warranty

Assuming Plaintiff has a breach of implied warranty cause of action, the duration of the implied warranty is a maximum of three months. Civil Code Section 1795.5(c).

BMW NA's assertion is based on Plaintiff's failure to establish an essential element of his claims against BMW NA.

3. Affirmative Defense 3: Subject Vehicle Fit for Its Intended Purpose

BMW NA alleges that the vehicle was fit for its ordinary purpose of providing transportation at all times. <u>American Suzuki Motor Corporation v. Superior Court</u> (1995) 37 Cal.App.4th 129.

   4.  Affirmative Defense 4:  No Timely Revocation of Acceptance

BMW NA alleges that Plaintiff did not revoke acceptance within a reasonable time and/or before substantial change in the subject vehicle's condition, therefore barring rescission and/or restitution as a remedy for plaintiff's breach of implied warranty claim.  Commercial Code Sections 2608(2).

   5.  Affirmative Defense 5:  Unreasonable or Unauthorized Use

Civil Code Section 1794.3 exculpates a defendant for any defect or nonconformity caused by unreasonable or unauthorized use.  For Plaintiff's last visit, Plaintiff's driver floor mat was found unattached and deemed a cause of Plaintiff's intermittent alleged lack of acceleration concern.  Furthermore, at the vehicle inspections, the tires were found to be in need of replacement.  Yet, Plaintiff has continued to drive the Subject Vehicle with the same tires.

   8.  Affirmative Defense 8:  Good Faith Evaluation

BMW NA gathered Plaintiff's repair orders and evaluated his repurchase claim in good faith when it denied the repurchase request on February 8, 2017. Events that occurred post-lawsuit are irrelevant to this defense.

**8.** **Ultimate Issues to Be Tried**

  **A.** **Plaintiff's Position**

In view of the admitted facts and elements required to establish the claims and affirmative defenses, Plaintiff's position is that the following issues remain to be tried:

1. Whether BMW NA was in the chain of distribution for the Subject Vehicle when it was leased "used" by Plaintiff.
2. Whether the Subject Vehicle's alleged nonconformities and/or defects were covered by the warranty.

3. Whether the Subject Vehicle's nonconformities substantially impairs the use, value or safety of the Vehicle.
4. Whether the Subject Vehicle was presented to BMW's authorized repair facilities a reasonable number of times to repair the Vehicle's alleged nonconformities.
5. Whether BMW's authorized repair facilities conformed the Vehicle to warranty after a reasonable number of repair opportunities.
6. Whether BMW failed to conform the Vehicle to warranty within 30 cumulative days.
7. Whether BMW failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period.
8. Whether BMW breached an express written warranty.
9. Whether BMW breached the implied warranty of merchantability.
10. The amount of Plaintiff's damages.
11. Whether BMW is subject to civil penalties pursuant to Civil Code section 1794(c) and, if so, the amount of that penalty.

**B.      Defendant BMW NA's Position**

In view of the admitted facts and elements required to establish the claims and affirmative defenses, BMW NA's position is that the following issues remain to be tried:

1. Whether BMW NA was in the chain of distribution for the Subject Vehicle when it was leased "used" by Plaintiff.
2. Whether there was any defect which manifested in the first three months which rendered the Vehicle unfit for its ordinary purpose of providing transportation.
3. Whether Plaintiff timely revoked acceptance after discovery of the defect which rendered the Vehicle unfit for its ordinary purpose of

providing transportation.

4. What the difference in value was for the Subject Vehicle between the value of it accepted and the value it would have been if it had been as warranted.

5. Whether the Subject Vehicle's alleged nonconformities were covered by the written warranty.

6. Whether the Subject Vehicle's alleged nonconformities and/or defects were caused by unreasonable or unauthorized use.

7. Whether any of the Subject Vehicle's nonconformities substantially impairs the use, value or safety of the Vehicle.

8. Whether the Subject Vehicle was presented to BMW's authorized repair facilities a reasonable number of repair opportunities for any of the Vehicle's alleged nonconformities.

9. Whether BMW's authorized repair facilities failed to conform a substantially impairing nonconformity after a reasonable number of repair opportunities.

10. Whether BMW's authorized repair facilities conformed the Vehicle to warranty after a reasonable number of repair opportunities.

11. Whether BMW failed to conform the Vehicle to warranty within 30 cumulative days, and, if so, the damages caused by such delay.

12. Whether BMW failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period, and, if so, the damages caused by the failure to provide sufficient service literature and replacement parts.

13. Whether BMW breached an express written warranty and, if so, the damages caused by any such breach.

14. Whether BMW breached the implied warranty of merchantability and, if

so, the damages caused by any such breach.

15. Whether BMW is subject to civil penalties pursuant to Civil Code section 1794(c) and, if so, the amount of that penalty.

**9.** **<u>Discovery</u>**

All discovery is complete.

**10.** **<u>Disclosures, Exhibits, and Objections Thereto</u>**

All disclosures under Fed. R. Civ. P 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.

Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection when presented at trial except those exhibits listed below:

A. Plaintiff objects to Exhibit Nos.: 100-104, 110, 120, 122, 125, 126, 135-142. The objections and grounds therefor are:

| 100. | Overall Photo of Vehicle | P: Foundation, Relevance |
| --- | --- | --- |
| 101. | Time v. Mileage | P: Hearsay, Relevance, Foundation |
| 102. | Googlemaps showing Daniel Forouzan's route to Beverly Hills BMW | P: Hearsay, Relevance, Foundation |
| 103. | Googlemaps showing Daniel Forouzan's commute to work | P: Hearsay, Relevance, Foundation |
| 104. | Quality Certification Worksheet dated 3/26/15 | P: Hearsay, Relevance, Foundation |
| 110. | Lease File dated 10/19/15 | P: Hearsay, Relevance, Foundation |

| | | |
|---|---|---|
| 120. | SLP advertising letter | P: Hearsay, Relevance, More Prejudicial than Probative, Not Disclosed in Discovery |
| 122. | Customer Care Specialist File | P: Hearsay, Foundation, Relevance |
| 125. | California BBB Lemon Law Summary | P: Hearsay, Foundation, Relevance |
| 126. | DCA Arbitration Certification dated 12/16/03 | P: Hearsay, Foundation, Relevance |
| 135. | J. Grijalva Vehicle Inspection Notes | P: Hearsay, Foundation |
| 136. | J. Grijalva Vehicle Inspection Photographs dated 4/6/18 | P: Hearsay, Foundation |
| 137. | J. Grijalva Vehicle Inspection Videos dated 4/6/18 | P: Hearsay, Foundation |
| 138. | J. Grijalva expert materials | P: Hearsay |
| 139. | J. Grijalva expert report | P: Hearsay |
| 140. | M. Rice's Notes | P: Hearsay, Relevance, Foundation |
| 141. | Automatic Parking Lock excerpt from training manual | P: Hearsay |
| 142. | Certificate of Certified Status for BMW of North America, LLC dated June 21, 2017 | P: Hearsay, Foundation |

B.  Defendant objects to Exhibit Nos.: 2, 13, 18, 20-23, 25, 27-54. The objections and grounds therefore are:

| Exhibit | Objections and Grounds |
|---|---|
| 2 | Lacks foundation |
| 13 | Lacks foundation |

13
**FINAL PRETRIAL CONFERENCE ORDER**

| | |
|---|---|
| 18 | Hearsay |
| 20 | Lacks foundation, relevance/FRE 402, FRE 403 as to oil leak photos. |
| 21 | Relevance/FRE 402, FRE 403 |
| 22 | Lacks foundation |
| 23 | Hearsay |
| 25 | Hearsay |
| 27 | Relevance/FRE 402 – post-sale DMV registration not recoverable |
| 28 | Relevance/FRE 402, hearsay, lacks foundation – insurance payments not recoverable |
| 29-48 | Hearsay |
| 49 | Lacks foundation, cumulative |
| 50-54 | Hearsay |

**11.   Witnesses**

Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

    (1)   Deposition of Mike Rice.

    (2)   Deposition of Robert Chidiac.

**12.   Law and Motion Matters and Motions *In Limine***

There are no law and motion matters or motions *in limine* pending.**13.**

**Bifurcation of Issues**

Bifurcation of the following issues for trial is ordered: None.

**14.     This Order Supersedes the Pleadings**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED: August 8, 2018

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE