UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 1 of 14 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [134] AND MOTION FOR PREJUDGMENT INTEREST [137]**

This matter is before the Court on Plaintiff's motion for attorneys' fees ("MAF") and motion for prejudgment interest ("Mot."). [Doc. ## 134, 137.] For the reasons set forth below, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On March 9, 2017, Plaintiff Abraham Forouzan ("Plaintiff") filed a Complaint alleging five causes of action against Defendant BMW of North America LLC[1] ("Defendant") in connection with a 2015 BMW Z4 (the "Vehicle" or "Car") that he leased in October 2015: (1) violation of California Civil Code section 1793.2(D), (2) violation of Civil Code section 1793.2(B), (3) violation of California Civil Code section 1793.2(A)(3), (4) breach of express written warranty, and (5) breach of the implied warranty of merchantability. [Doc. #1-1.] On April 11, 2017 Defendant extended to Plaintiff a settlement offer pursuant to California Code of Civil Procedure section 998 ("section 998 offer"). Plaintiff did not accept the offer.

The parties tried the case and the jury returned a verdict in favor of Plaintiff in the amount of $25,058.79. [Doc. # 127 ("Verdict Form").] Afterwards, Plaintiff filed the instant motions, which are now fully briefed. [Doc. ## 134, 137, 141, 146, 149, 150.]

---

[1] Plaintiff initially named Sonic Automotive and Michael Sean Rice as defendants as well. Sonic Automotive was dismissed from this action on May 23, 2017, and Michael Sean Rice was dismissed on August 27, 2018. For that reason, the Court uses the term "Defendant" to refer only to BMW of North America LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 2 of 14 |

## II.
## REQUEST FOR JUDICIAL NOTICE ("RJN")

Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record. *See* [Doc. #134-9 ("RJN").] Defendant does not oppose Plaintiff's request.

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

Plaintiff requests that the Court take judicial notice of the following: (1) a February 27, 2014 minute order granting the plaintiff's motion for fees and costs in the matter of *Khani v. Ford Motor Company*; (2) an October 3, 2014 order granting the plaintiff's motion for fees and costs in the matter of *Reyes v. Ford Motor Company*; (3) a November 7, 2014 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Atanuspour v. BMW of North America, LLC*; (4) a conformed copy of a November 12, 2014 notice of Ruling; (5) a May 20, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Derakshanian, et al. v. BMW of North America, LLC*; (6) a November 21, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Moreno v. BMW of North America, LLC*; (7) a copy of a February 9, 2017 order in the matter of *Violi v. Hyundai Motor America, Inc.*; (8) a March 6, 2017 minute order in the matter of *Abedi-Masihi v. Mercedes-Benz USA, LLC*; (9) the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter; (10) a May 11, 2017 order in the matter of *Bustamante v. FCA US, LLC*; (11) a May 9, 2017 stipulation and signed order regarding judgment of jury verdict with a two times civil penalty and attorney fees, costs, and expenses in the matter of *Vanwaus v. FCA US, LLC*; (12) a September 27, 2017 minute order in the matter of *Fuller v. FCA US, LLC*; (13) an October 26, 2017 minute order in the matter of *Gutierrez v. FCA US, LLC*; (14) a November 28, 2017 minute order in the matter of *Seesholtz v. FCA US, LLC*; (15) a February 2, 2018 order in the matter of *Villasenor v. FCA US, LLC*; (16) a February 27, 2018 notice of ruling and tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC*; (17) a notice of ruling in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 3 of 14 |

*Geredes v. Chrysler Group LLC*; (18) a notice of ruling in *Ahmed Al-Jiboury v. FCA*; (19) a notice of order in *Howard v. FCA*; (20) a notice of order in *Hall v. FCA*; (21) an order in *Ruiz v. BMW*; and (22) a second amended judgment on jury verdict after entry of Additur in *Kadkhoda v. MBUSA*.

These documents, with the exception of number nine, are all matters of public record, none of which are subject to reasonable dispute, and are therefore the proper subject of judicial notice. The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter (number nine) because a declaration is "subject to reasonable dispute." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Thus, the Court **GRANTS** Plaintiffs' Request for Judicial Notice with respect to all of the above-enumerated documents, but **DENIES** it as to number nine.

### III.
### LEGAL STANDARDS

**A.   Motion for Attorneys' Fees**

Under California Civil Code section 1794(d), the "prevailing party" in a suit may be entitled to "recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees." Cal. Civ. Code. 1794(d). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins. Co.*, 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. *Id.* at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F. 2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011).

A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
| Title | Abraham Forouzan v. BMW of North America, LLC, et al. | Page | 4 of 14 |

reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). "[U]nder consumer protection statutes involving mandatory fee-shifting provisions, the legislative policies are in favor of . . . recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of . . . actual recovery." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 164 (2006).

District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzales*, 729 F. 3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." *Id*.

**B.      Motion for Prejudgment Interest**

California Civil Code section 3287 governs the recovery of prejudgment interest. The statute states that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). "Prejudgment interest may be awarded under section 3287 'even if it is not specifically authorized by the statute underlying the plaintiff's claims.'" *Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 1004, 1009-10 (2009) (quoting *County of Solano v. Lionsgate Corp.*, 126 Cal. App. 4th 741, 752 (2005)).

Section 3287(b) further states, "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." *See Lewis C. Nelson & Sons, Inc. v. Clovis Unified Sch. Dist.*, 90 Cal. App. 4th 64, 71 (2001) ("[T]he distinction between the two subparts [of section 3287] has to do with the nature of the damages—liquidated and unliquidated—for which interest may be awarded . . . ."); *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012) ("Under [subsection (a)], prejudgment interest cannot be awarded when the amount of damages cannot be ascertained except on conflicting evidence.").

Although there is no clear rule that guides trial courts' discretion in this area, courts have taken into consideration the following factors when determining whether to exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 5 of 14 |

judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." *See A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 497 (1982).

## IV.
## DISCUSSION

**A.  Motion for Attorneys' Fees**

**1.  Post-Offer Fees**

When analyzing whether to award attorneys' fees in a case involving a prior section 998 offer, the key "question is whether . . . the rejecting offeree obtained a judgment more favorable than the offer." *Linthicum v. Butterfield*, 175 Cal. App. 4th 259 (2007).[2] If the rejecting offeree obtained a more favorable judgment, attorneys' fees remain available. Whether the judgment—in this case, the jury's verdict—is "more favorable" is a question "for the trial court's discretion." *Id.* at 270.

Plaintiff argues that he is entitled to post-offer attorneys' fees because his recovery at trial was larger than Defendant's section 998 offer. MAF at 16. Defendant's offer would have allowed Plaintiff to choose one of two options. Plaintiff maintains that both the first option, $13,000 in cash and the ability to keep the Vehicle, and the second option, a $63,998.01 cash payment that required Plaintiff to pay off the remaining lease balance, were inferior to the $25,058.79 in cash and the "the equivalent of a repurchase" the jury awarded him at trial. MAF at 15; Opp. at 8, 9. Defendant appears to admit that option one was inferior "because the jury awarded the equivalent of a repurchase after trial" and that the value of option two was $2,404.38 less than the jury award. Opp. at 8, 9.

The Court agrees that option one was less favorable than Plaintiff's verdict. Considering that Defendant recognizes that jury awarded Plaintiff $2,404.38 more than the value of option two, the Court concludes that the judgment was more favorable than option two as well. In *Gezalyan v. BMW of North America, LLC*, the plaintiff also brought a claim under the Song-Beverly Act against BMW of North America, LLC. 697 F. Supp. 2d 1168 (C.D. Cal. 2010). The Court found that the plaintiff did not unreasonably reject BMW's offer of settlement,

---

[2] Plaintiff spends significant time explaining why he is the prevailing party in this action. The Court does not discuss this in depth because Defendant does not dispute that Plaintiff prevailed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 6 of 14 |

because the "offer of settlement included terms about the condition of the vehicle and its title" and the settlement "offered [the plaintiff] $600 less than she sought in the lawsuit." *Id.* at 1170. Here, Defendant's section 998 offer included similar terms and a lower dollar amount than what the jury awarded. *See* [Doc. #134-2]. Although Defendant argues the verdict is a "mere "$2,404.38 more" than the section 998 offer, Defendant does not point to any authority that mandates a minimum amount by which the judgment must be more favorable than the settlement offer in order for section 998 to apply. Thus, because the judgment Plaintiff obtained at trial was more favorable than the section 998 settlement offer, attorneys' fees are available to him.[3]

**2.      Reasonable Hourly Rates**

The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F. 3d 889, 892 (9th Cir. 2006).

Plaintiff contends that the following hourly rates for his attorneys are reasonable: $595 per hour for Rowena Santos (18 years of practice), $495 per hour for Gregory Yu (14 years of practice), $395 per hour for Jacob Cutler in 2017 and $410 per hour for 2018 (9 years of practice), $365 per hour for Ashan Peiris (5 years of practice), $385 per hour for Anna Cronk (8 years of practice), $370 per hour for Eleazar Kim (5 years of practice), $400 per hour for Michael Delvin in 2017 and $410 per hour in 2018 (9 years of practice), $350 per hour for Daniel Tai (3 years of practice), $400 per hour for Rodney Gi (8 years of practice), $370 per hour for Carey Wood in 2017 (5 years of practice), $550 per hour for Christine Koo (14 years of practice), and $375 per hour for Tionna Dolin (4 years of practice). MAF at 18.

Plaintiff's primary evidence in support of the requested hourly rates is the declaration of Payam Shahian. As the managing partner and senior attorney of Strategic Legal Practices, Shahian is "familiar with the experience and background of each attorney who has worked for Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders." [Doc. # 134-6 ("Shahian Decl.") at ¶ 8.][4]

---

[3] Plaintiff also argues that Defendant's section 998 offer was "invalid." MAF at 12. The offer's validity, however, has no bearing on whether Plaintiff is entitled to post-offer fees because Plaintiff obtained a more favorable judgment regardless of the validity of the section 998 offer.

[4] Defendant objects to the parts of Shahian's declaration that detail his background and experience with Song-Beverly cases, all 22 exhibits attached to Shahian's declaration, and all of the cases cited to in support of each attorney's hourly rate. *See generally* [Doc. #145.] To the extent Defendant objects to previous court orders on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 7 of 14 |

Additionally, Shahian cites to several previous cases for each attorney in which hourly rates comparable to those requested in the instant action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. *See* Shahian Decl. at ¶¶ 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52. This is sufficient to establish that the requested hourly rate for each attorney involved in this case is reasonable.

### 3. Hours Reasonably Expended

Plaintiff seeks $249,109.50 in attorneys' fees. He claims that his attorneys spent a total of 504.8 billable hours on Plaintiff's case, including this fee motion.[5] MAF at 24. In fact, the total number of billable hours for which Plaintiff submitted timesheets is 499.1 hours.[6] Defendant argues Plaintiff should not recover for all 499.1 hours because there are multiple deficiencies in the time entries provided by Plaintiff's counsel that warrant a reduction in the number of compensable hours. Defendant claims these deficiencies include: (1) improper block billing; (2) excessive billing due to overstaffing and inefficient litigation; (3) overly-vague entries; and (4) unnecessary, inefficient, and mistaken time. *See* Opp. at 8-10.

The Court agrees that certain deficiencies in Plaintiff's counsel's time entries warrant a reduction in the number of hours factored into the lodestar calculation. First, Plaintiff's counsel repeatedly block-billed time. Specifically, Plaintiff's counsel block-billed: 3 hours of Michael

---

hearsay grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referred to in Shahian's declaration are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *U.S. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). Previous court orders are also relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience. The Court does not rely on exhibit 9, making Defendant's evidentiary objections to that exhibit moot. The Court also **OVERRULES** Defendant's objections to parts of Shahian's declaration regarding his personal experience on relevance grounds. Just because Shahian is not submitting time for this matter does not make his experience irrelevant. *See* [Doc. #145.] Shahian's personal experience is relevant because it speaks to his knowledge of the prevailing market rate for attorneys of comparable experience.

[5] Plaintiff does not seek fees for hours spent on work before the Complaint was filed, for opposing Defendant's motion to quash the subpoena of Mike Rice, or hours billed by attorneys who "were not materially involved in this case." MAF at 20 n. 19.

[6] Broken down, these hours are: (1) 200.5 hours expended by Rowena Santos; (2) 26.2 hours expended by Gregory Yu; (3) 10.8 hours expended by Jacob Cutler; (4) 3.3 hours expended by Ashan Peiris; (5) 19.6 hours expended by Anna Cronk; (6) 20.4 hours expended by Eleazar Kim; (7) 38.5 hours expended by Michael Delvin; (8) 16.8 hours expended by Tionna Dolin; (9) 6.3 hours expended by Daniel Tai; (10) 101.8 hours expended by Rodney Gi; (11) 5.2 hours expended by Carey Wood; and (12) 49.7 hours expended by Christine Koo. [*See* Doc. #150-3.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 8 of 14 |

Delvin's time, 1.3 hours of Anna Cronk's time, 176.8 hours of Rowena Santos' time, 16.4 hours of Christine Koo's time[7], and 27.8 hours of Rodney Gi's time. Because the Court cannot discern from these entries whether the amount of time expended on each task was reasonable, the Court shall exclude 20% of those hours. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1112 (9th Cir. 2008)) (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed[,]"). Thus, Michael Delvin's time shall be reduced by .6 hours, Anna Cronk's time shall be reduced by .2 hours, Rowena Santos' time shall be reduced by 35.4 hours, Christine Koo's time shall be reduced by 3.2 hours, and Rodney Gi's time shall be reduced by 5.6 hours.

Second, Defendant asserts that multiple time entries relating to meetings between Plaintiff's attorneys should be excluded from the Court's calculation. Opp. at 8. Yet, "attorneys must spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner." *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F. 2d 1319, 1337 (D.C. Cir. 1982). Further, many of the conferences for which Plaintiff's attorneys seek recovery were short (.3 hours or less) and many of the longer meetings have already been factored into the Court's analysis because they were block-billed along with other time entries. For that reason, the Court finds that the 20% reduction is sufficient to account for not only the block-billed hours, but also the multiple internal conferences.

Plaintiff's counsel's trial billing, however, warrants an additional reduction. Counsel billed time for Ms. Santos, as well as a second attorney (either Mr. Gi or Mr. Kim) to attend trial. While having two or three attorneys attend a trial is surely helpful to the lead attorney and good training for young attorneys, additional attorneys were not necessary in this case. Plaintiff was well represented by Ms. Santos, who examined most of the witnesses, and the trial was short and straightforward. The Court can find no good reason why the convenience of a second attorney in a case of this nature is a cost that should be borne fully by Defendant. The 16.5 hours Mr. Gi billed and the 14.3 hours Mr. Kim billed, therefore, shall be reduced by 50% each.

Third, Defendant claims that a plethora of entries are impermissibly vague. Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." *Hensley*, 461 U.S. at 437 n. 12. They need only "keep records in sufficient detail

---

[7] Although the time sheets list someone with the initials "KC" as the billing attorney, the Court attributes these block billed hours to Christine Koo. The Court reasons that Christine Koo is "KC" because the hourly rate for those entries is the same as Christine Koo's hourly rate, and the attorney billed for tasks that an attorney of Koo's level of experience would reasonably be expected to handle.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 9 of 14 |

that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id*. at 441 (Burger, C.J., concurring); *see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc*., 512 F. 3d 555, 565 (9th Cir. 2008). Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness.[8] Many of the entries Defendant identifies are short and sufficiently descriptive (*i.e.,* .2 or less for emails or phone calls to client) or have already been accounted for because they are included in the Court's implementation of a 20% reduction for block-billed entries.

Fourth, Defendant argues that a handful of entries reflect tasks better suited for a paralegal or administrative professional. Plaintiff may not recover fees for time spent on purely clerical work. *See Davis v. City of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them… [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted). What Defendant characterizes as "clerical tasks," however, involve activities that differ from the "purely clerical or secretarial tasks" in *Davis*. For instance, the disputed entries include preparing pleadings, reviewing client files, drafting deposition subpoenas, coordinating production of documents, and reviewing trial exhibit binders and deposition transcripts. [*See, e.g*., Doc. # 150-3] (May 11, 2017 entry, February 2, 2018 entry, and September 21, 2018 entry). These are not "purely clerical" tasks and the Court declines to exclude them from the fee award.

Finally, Defendant contends that Plaintiff's counsel "engaged in overstaffing and inefficient litigation" or billed for "numerous entries that were unnecessary." Opp. at 14, 15. While the use of 12 attorneys in a case of this nature certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 12 different attorneys have not been duplicative. In particular, Defendant uses "internal conferences" and "reviewing the file" as examples of "overstaffing and "inefficient litigation." Opp. at 13. As addressed above, however, a reasonable number of internal conferences is necessary to effectively coordinate the prosecution of a case and the Court has taken into consideration the large number of billing attorneys and the longer conferences in connection with its 20% reduction. Additionally, the Court does not find the costs associated with opposing Defendant's motion for partial summary judgment to be one of "numerous entries" that are "unnecessary" as Defendant contends. Opp. at 15.

---

[8] The Court shall, however, eliminate the December 18, 2017 entry from Jacob Cutler for .5 hours because it is incomplete and vague.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 10 of 14 |

In light of the foregoing, the Court finds that Plaintiff's counsel reasonably billed the following hours: 165.1 hours for Rowena Santos, 26.2 hours for Gregory Yu, 10.3 hours for Jacob Cutler, 3.3 Ashan Peiris, 19.4 hours for Anna Cronk, 14.3 hours for Eleazar Kim, 37.9 hours for Michael Delvin, 16.8 hours for Tionna Dolin, 6.3 hours for Daniel Tai, 87.9 hours for Rodney Gi, 5.2 hours for Carey Wood, and 46.5 hours for Christine Koo. When these hours are multiplied by the reasonable rates identified in Part B, they yield a lodestar of $215,560.50.

**4.      Lodestar Modification**

The court next considers whether to increase or decrease the lodestar. *See Stranger v. China Elec. Motor, Inc.*, 812 F. 3d 734, 740 (9th Cir. 2016) ("the decision to enhance or reduce the lodestar . . . is within the district court's discretion"). Plaintiff argues for an upward modification of .10 because Plaintiff's counsel obtained an excellent outcome, the risks posed by the litigation were substantial, and this was not a straightforward lemon law case. MAF at 27; Reply at 29. The Ninth Circuit has plainly stated that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings. . . that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Generally, courts may take into consideration the following factors when determining whether to implement a lodestar enhancement: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.'" *Id*. Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'" *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 11 of 14 |

The Court declines Plaintiff's request to apply an upward multiplier of .10 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. The Court acknowledges the contingent nature of this case. Nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time . . . in cases where his client does not prevail." *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992). Accordingly, the contingent nature of this case does not warrant a 10-percent enhancement.[9] The lodestar, with the 20% reduction for block-billed entries and other inefficiencies and the other individual reductions described above, reflects the reasonable amount of attorneys' fees Plaintiff should recover.

**B.      Motion for Prejudgment Interest**

California Civil Code section 3287 states, in pertinent part, that a "person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ." Cal. Civ. Code § 3287(a). It also states that:

> Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287(b). Plaintiff seeks an award of prejudgment interest "in the amount of $6,662.38 under [section 3287] subdivision (a) from the date of injury to the date of judgment, or, alternatively, the sum of $3,541.31 under subdivision (b) from the date of the complaint to the date…of judgment October 2, 2018." Mot. at 3. In opposition, Defendant argues that Plaintiff is not entitled to prejudgment interest under subdivision (a) because "damages were anything but certain" and Plaintiff is not entitled to prejudgment under subdivision (b) because "there was no

---

[9] Defendant objects on relevance grounds to the statement in Shahian's declaration that his firm took Plaintiff's case on a contingent basis. While the Court ultimately disagrees that the case's contingency basis warrants an upward lodestar modification, the contingency-fee arrangement is not irrelevant since California law allows courts to consider contingency arrangements in their modification analysis. Defendant's objection is **OVERRULED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 12 of 14 |

contract between BMW NA and Plaintiff, nor did Plaintiff bring a 'cause of action' for any contract." Opp. at 3, 10.

### 1. Mandatory Prejudgment Interest Under Section 3287(a)

First, Plaintiff is not entitled to prejudgment interest under section 3287(a) because the damages here were not "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287(a). "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 728 (2007) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1172 (1991)). In other words, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." *Id*. (quoting *Children's Hosp. v. Bonta*, 97 Cal. App. 4th 740, 744 (2002)); *Baker v. Garden Grove Med. Inv'rs, Ltd.*, 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing *Duale*, 148 Cal. App. 4th at 718).

In *Duale*, the plaintiff bought a Mercedes automobile that Mercedes-Benz USA, Inc. subsequently "failed to adequately service and repair" after a reasonable number of attempts. *Id*. at 722. Plaintiff brought an action under the Song-Beverly Act and sought prejudgment interest after a favorable jury verdict. The Court found that Plaintiff was not entitled to prejudgment interest because the jury had to determine "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity substantially impaired [the] use, value, or safety of the vehicle, and (3) then to determine—for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair." *Id*. In this case, the jury had to make very similar determinations. Therefore, *Duale's* conclusion that because "the amount of damages could not be resolved except by verdict . . . prejudgment interest was not appropriate" applies equally here. *Id*. at 729.

While it is true that subsequent decisions have interpreted *Duale* not to preclude prejudgment interest entirely in Song-Beverly Act cases, even those decisions acknowledge that in cases with facts like *Duale*'s, prejudgment interest under section 3287(a) is inappropriate. *See Doppes*, 174 Cal. App. 4th at 1010 ("The *Duale* court did not hold prejudgment interest may never be recovered in a Song-Beverly Consumer Warranty Act case, but only that prejudgment interest was unrecoverable under section 3287 in that particular case because, under the facts, the amount of damages could not be resolved except by verdict."). Thus, because *Duale* is good law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 13 of 14 |

and mirrors the facts of this case, Plaintiff is not entitled to prejudgment interest under section 3287(a).

### 2. Discretionary Prejudgment Interest Under Section 3287(b)

Under section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." *N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 829 (1998). Thus, the threshold question is whether Plaintiff's claim was "based upon a cause of action in contract." Cal. Civ. Code § 3287(b). California courts have not squarely decided whether claims under the Song-Beverly Act qualify as contract actions under section 3287(b), but two decisions have come close.

In *Bishop v. Hyundai Motor America*, the Court of Appeal reversed an award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract . . . ." *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996). Although the Court did not address prejudgment interest under section 3287, the Court treated an action brought under the Song-Beverly Act as a cause of action in contract. Additionally, in *A&M Produce*, which was not a Song-Beverly Act case, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties. 135 Cal. App. 3d at 473. Even if those cases are sufficient grounds to conclude that Plaintiff's claims are contract causes of action, however, the Court concludes that prejudgment interest is unwarranted in this case.

As discussed above, courts weighing whether to award discretionary prejudgment interest under section 3287(b) have considered: the time between the lawsuit's filing and the judgment, whether awarding interest will penalize the defendant for litigating a bona fide dispute, and whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk. Only the first two factors apply in this case since Plaintiff made no settlement offer. *See A&M Produce*, 135 Cal. App. 3d at 498.

The first factor weighs against awarding prejudgment interest. Plaintiff filed his Complaint in March 2017, and the jury reached a verdict about 19 months later in October 2018. In *A&M Produce*, over seven years elapsed between the filing of the initial complaint and judgment being entered. *Id.* at 496. Thus, the relatively short 19-month lifespan of this case does not support prejudgment interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 14 of 14 |

The second factor does not conclusively point in either direction. Although Plaintiff prevailed, the case involved a "bona fide dispute"—the parties litigated the case to verdict in a trial involving multiple legitimately contested issues.

Having weighed the discretionary considerations, the Court **DENIES** Plaintiff's motion for prejudgment interest.

## V.
## CONCLUSION

Accordingly, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest. Defendant shall pay Plaintiff reasonable attorneys' fees in the amount of $215,560.50.

**IT IS SO ORDERED.**